**File Name: 05a0482n.06**
**Filed: June 8, 2005**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 04-5659

**UNITED STATES COURT OF APPEAL**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARSHA HUGHES, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: NELSON and MOORE, Circuit Judges, and RESTANI,*** **Judge.**

**RESTANI, J.** Defendant-appellant Marsha Hughes pleaded not guilty to the felony charge of knowing possession of ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Hughes was convicted after a jury trial and sentenced to ninety two months in jail. She appeals her conviction and her sentence, raising various claims of error. We determine that no error or combination of errors require reversal of Hughes's conviction, but we vacate the sentence and remand for resentencing under the now advisory United States Sentencing Guidelines.

**I. BACKGROUND**

On December 11, 2002, the Memphis Police Department pulled over a vehicle driven by Marsha Hughes because it matched the witness description of a vehicle used in a burglary at 3195

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Periwinkle. She was unable to produce a driver's license, so Officer Elrod asked Hughes and her co-passenger, Carmelita Jackson, to step out of the vehicle. Noticing a large bulge in Hughes's right front pocket, Officer Elrod performed a pat down search and retrieved an ammunition clip containing nine rounds of .22 caliber ammunition, a driver's license, and a credit card, all of which had been stolen from the house at 3195 Periwinkle. Subsequent to the burglary, Hughes had driven Jackson to a gas station, and Jackson handed her the ammunition, credit card, and driver's license and Hughes placed them in her pocket. The police concluded that Jackson was involved in the burglary, but not Hughes. Hughes was charged with a felony for knowing possession of ammunition by a previously convicted felon.

At trial, the defense stipulated that Hughes possessed the ammunition clip in her right front pocket on December 11, 2002, and had been convicted of a felony prior to that date. There was also no dispute that the ammunition had traveled in interstate commerce. Hughes disputed solely that she knowingly possessed the ammunition. The defense requested that the district court preclude the government from introducing evidence that the clip of ammunition had been stolen from 3195 Periwinkle because it was irrelevant to the issue of her knowledge. The district court denied the defense counsel's motion, stating that "it's important to show what occasioned the contact between Ms. Hughes and the police." Joint Appendix ("J.A.") at 13 (Tr. of Trial at 21). According to the court, disallowing the testimony "might invite speculation by the jury of harassment by the police." J.A. at 14 (Tr. of Trial at 22). After Officer Elrod testified to the burglary evidence, the district court gave the following limiting instruction:

> Members of the jury, you have just heard testimony from the officer regarding a certain burglary.

2

I caution you that you are not to consider that evidence as any evidence that Ms. Hughes committed this crime. You are only allowed to consider that evidence for the limited purpose of showing how it is that the police made contact with Ms. Hughes, that's the only purpose for which it may be considered. You may not consider it for any other purpose.

J.A. at 34 (Tr. of Trial at 61).

At the close of evidence, the prosecution proposed a jury instruction covering the theories of both actual and constructive possession. Defense counsel objected to the proposed jury charge on constructive possession because the proof was not disputed that Hughes physically possessed the ammunition. The court overruled the objection "particularly in light of the testimony of Ms. Jackson who said I handed it to her and intended to get it back." J.A. at 90 (Tr. of Trial at 147). Subsequently, the court charged the jury as follows:

The law recognizes two kinds of possession, actual possession and constructive possession. Either of these if proved by the government is enough to convict. To establish actual possession the government must prove that the defendant had direct physical control over the ammunition and knew that she had control of it. To establish constructive possession the government must prove that the defendant had the right to exercise physical control over the ammunition and knew that she had this right and that she intended to exercise physical control over it at sometime either directly or through other persons.

J.A. at 120-121 (Tr. of Trial at 195-96). The court also gave the jury a cautionary charge as to the burglary evidence:

Now you have heard that the defendant was in an automobile suspected to have been involved in a burglary. Ms. Hughes is not on trial for burglary. You may only consider this other evidence for the limited purpose of showing why the officers made contact with Ms. Hughes in the first instance. You cannot consider this testimony as evidence that the defendant committed the crime charged in the indictment that she is now on trial for. Remember that the defendant is on trial here only for the crime charged in this indictment, not for any other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

3

J.A. at 122 (Tr. of Trial at 198). The same day, the jury found Hughes guilty of knowing possession of ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The judge imposed a sentence of ninety two months imprisonment in accordance with the perceived mandatory Sentencing Guidelines.

On appeal to this court, Hughes argues that the evidence is not sufficient to prove beyond a reasonable doubt that she knowingly possessed the gun clip of ammunition. Moreover, she argues that the district court erred by (1) permitting the government to introduce burglary evidence over her objection, and (2) overruling her objection to the jury instruction concerning constructive possession. Finally, in the event that this court decides not to reverse the district court's decision, Hughes requests that we vacate her sentence and remand for resentencing under the now advisory Sentencing Guidelines.

## II. ANALYSIS

**A.** **There was sufficient evidence to prove that Hughes knowingly possessed ammunition in violation of 18 U.S.C. § 922(g)(1).**

Hughes challenges the sufficiency of the government's proof that she knowingly possessed ammunition in violation of 18 U.S.C. § 922(g)(1). In reviewing a claim of insufficient evidence, "we examine the evidence in the light most favorable to the government and draw all inferences in the government's favor in order to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." United States v. Riffe, 28 F.3d 565, 567 (6th Cir. 1994).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ." To support a conviction, the government must prove beyond a reasonable doubt that "(1) the defendant

4

had a previous felony conviction, (2) the defendant [knowingly] possessed a firearm or ammunition, and (3) that the firearm traveled in or affected interstate commerce." United States v. Layne, 192 F.3d 556, 571-72 (6th Cir. 1999). Here, Hughes concedes the first and third element, but disputes the sufficiency of the evidence that she knowingly possessed ammunition. We conclude that the evidence is plainly sufficient for a rational trier of fact to determine that Hughes knowingly possessed ammunition.

There is no dispute that Hughes accepted an ammunition clip containing nine .22 caliber bullets from Ms. Jackson and placed it in her right front pocket. Hughes claims that she took the ammunition clip without looking at it and was unaware that it was in her pocket. Yet, the ammunition clip was sufficiently noticeable that Officer Elrod observed a bulge in her front pocket. Further, when Officer Elrod recovered the magazine clip, it was not concealed within any type of covering. J.A. at 113-14 (Tr. of Trial at 174-75). These facts are sufficient for a jury to conclude beyond a reasonable doubt that Hughes had knowledge of the ammunition in her pocket.

**B.     Even if the district court abused its discretion by admitting testimony related to an uncharged burglary, the error was harmless.**

Hughes argues that the district court allowed the government to use impermissible character evidence when it allowed testimony regarding the burglary of 3195 Periwinkle. See **Fed. R. Evid. 404(b).** According to Hughes, the burglary evidence was not relevant because she only disputes whether she knew that she possessed the ammunition. Moreover, Hughes argues that the burglary evidence was prejudicial because it tends to show that Hughes was involved in the burglary. We review evidentiary rulings by the district court for abuse of discretion. See United States v. Haywood, 280 F.3d 715, 720 (6th Cir. 2002).

5

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." This Circuit has recognized an exception for background or *res gestae* evidence, which does not implicate Rule 404(b). See United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000). The background evidence exception has been applied where other acts are a prelude to the charged offense, are directly probative of the charged offense, arise from the same events as the charged offense, form an integral part of a witness's testimony, or complete the story of the charged offense. Id.

In the instant case, the district court admitted evidence of the burglary under the background circumstances exception for evidence that completes the story of the charged offense. See United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984) (upholding district court's admission of evidence that a firearm had been found in a drug raid, in order to explain the officer's presence in the defendant's house at the time the firearm was found and to avoid jury confusion); United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983) (upholding district court's admission of evidence that the defendant was under investigation for stealing vehicles, in order to explain the federal agent's presence at the scene of an assault and the assailant's animosity toward the agent). The court concluded that the burglary was admissible to avoid jury confusion as to the basis for the officer's pat down search. The government presented a plausible argument that this evidence is admissible background evidence, and we do not find that the district court abused its discretion by admitting it as background evidence. Even if the evidence were inadmissible under Rule 404(b), the error would be harmless.

Where the district court errs, "we will presume that the district court's error was reversible unless we can say, 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error . . . .'" Haywood, 280 F.3d at 724 (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)). "Whether the jury was 'substantially swayed' by the improper admission of evidence of other acts in a criminal trial generally depends on whether the properly admissible evidence of the defendant's guilt was overwhelming." Id. Here, the evidence is overwhelming because it shows that Hughes was handed the ammunition clip and placed it in her pocket. Furthermore, the jury was aware of Hughes's prior felony conviction, so the mention of a burglary did not likely create unfair prejudice. Finally, the district court gave an appropriate limiting instruction that Hughes was on trial only for the crime charged in the indictment. Therefore, any error in the district court's ruling on background evidence was harmless.

### C. Even if the district court erred by instructing the jury on actual and constructive possession, the error was harmless.

Hughes argues that the district court erred by unnecessarily instructing the jury on constructive possession when it was not supported by the government's proof. We review the district court's choice of jury instructions "as a whole to determine whether they adequately inform the jury of relevant considerations and provide a sound basis in law to aid the jury in reaching its decision." United States v. Layne, 192 F.3d at 574.

We recognize that boilerplate instructions "should not be used without careful consideration being given to their applicability to the facts and theories of the specific case being tried." United States v. Wolak, 923 F.2d 1193, 1198 (6th Cir. 1991). Here, the district court considered Ms. Jackson's testimony that she intended to get back the ammunition from Hughes and the court

7

concluded that a constructive possession instruction would assist the jury. Yet, there is no record evidence supporting a theory of constructive possession. Both parties agree that Hughes physically possessed the ammunition. There is no evidence to suggest that at any time when she did not physically possess the ammunition, she had effective control over the ammunition. Accordingly, we agree that the trial court should not have instructed the jury on constructive possession; however, we hold that the district court's failure does not require reversal of an otherwise valid conviction. See Griffin v. United States, 502 U.S. 46, 60 (1991) (holding that the refusal to remove an insufficiently supported theory from the jury's consideration does not provide an independent basis for reversing an otherwise valid conviction).

Where one of two grounds for conviction is unsupported by the evidence and sufficient evidence supports the other ground for conviction, an error claimed as to the unsupported charge is harmless as a matter of law. United States v. Mari, 47 F.3d 782, 786 (6th Cir. 1995). Here, the focus of the government's proof throughout the trial was on whether Hughes had actual possession of the ammunition. There is no reason to believe that the jury convicted Hughes based on the alternative theory of constructive possession because there is no evidence on the record to support that charge. Accordingly, the district court's constructive possession instruction is harmless as a matter of law.

> **D.** **The district court erroneously considered itself bound by the Sentencing Guidelines.**

In light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the district court committed plain error by imposing a mandatory sentence on Hughes under the now advisory Sentencing Guidelines. See United States v. Barnett, 398 F.3d 516, 529-31 (6th Cir. 2005). Accordingly, we vacate the sentence and remand the case for resentencing.

8

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** Hughes's conviction, but we **VACATE** her sentence, and **REMAND** the case to the district court for reconsideration of the sentence under the advisory Sentencing Guidelines.