NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0326n.06

No. 09-1495

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 28, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR THE
CARL TYUS, )  EASTERN DISTRICT OF MICHIGAN
)
    Defendant-Appellant. )

Before: DAUGHTREY, GILMAN and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Carl Tyus challenges his jury conviction on two grounds: (1) the government violated the Speedy Trial Act, and (2) insufficient evidence supports the verdict. We affirm.

I.

On September 29, 2005, officers from the Romulus Police Department executed a search warrant on 25952 Norfolk Street in Inkster, Michigan. After knocking on the door and receiving no response, the officers entered the home and saw Tyus sleeping on the couch. After securing the premises and finding no other adults present, the officers searched the home.

The officers found drugs, guns and cash throughout the house. A search of the kitchen and the basement turned up crack cocaine, powder cocaine, marijuana and ecstasy, with quantities of each packaged in small plastic bags, apparently for sale. A table in the basement housed digital scales, a coffee grinder containing cocaine, a money- and drug-filled cash box and a loaded handgun. Near the table, the officers found a shotgun, two assault rifles and a loaded semi-automatic rifle. There is more. The upstairs bedroom contained another loaded handgun. The officers found a total of $10,000 cash hidden throughout the house: stashed under the basement steps, stuffed inside a large plastic crayon, packed into a Pepsi bottle and stowed in DVD cases.

The officers also uncovered mail addressed to Tyus at that residence in the master bedroom, in the kitchen and on the contraband-laden table in the basement. They found no mail addressed to anyone else.

A jury convicted Tyus of three counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Tyus to 93 months of imprisonment.

## II.

Tyus argues that the government violated the Speedy Trial Act, which requires the government to bring a defendant to trial within seventy days after charging him, save for certain allowable periods of delay enumerated in the statute. *See* 18 U.S.C. § 3161. The government, Tyus

argues, wrongly filed a second indictment shortly before the 70-day window closed to reset the speedy-trial clock and "to avoid" the Act's requirements. Tyus Br. 14.

Tyus waived this claim, however, by not asking the trial court to dismiss his indictments prior to trial. *See* 18 U.S.C. § 3162(a)(2). If defendants fail to "move for dismissal prior to trial" on grounds that they were not "brought to trial within the time limit required by" the Act, they "waive[] . . . the right to dismissal" of the charges. *Id.* The same goes for the right to appeal the claim. *See United States v. Brown*, 498 F.3d 523, 529–30 (6th Cir. 2007). That, unfortunately for Tyus, is all there is to this first argument.

### III.

Tyus separately argues that insufficient evidence supports the convictions. In reviewing this challenge, we construe the evidence "in the light most favorable to the prosecution" and must deny relief unless Tyus shows that no "rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Tyus does not satisfy this requirement. To convict Tyus of the drug offenses, the government had to establish that Tyus (1) knowingly possessed a controlled substance (2) with intent to distribute it. 21 U.S.C. § 841(a). To convict him of the firearm offense, the government had to establish that he (1) "possesse[d] a firearm" (2) "in furtherance of" the drug possession. 18 U.S.C. § 924(c)(1), (2).

Tyus challenges only the "possession" element of his drug- and gun-possession convictions. As to both offenses, the government did not need to show that Tyus had actual possession of the items. It could demonstrate possession by offering evidence that Tyus *constructively* possessed the drugs and guns—that he had "ownership, dominion, or control over [them] or over the premises . . . in which [they were] concealed." *United States v. White*, 932 F.2d 588, 589 (6th Cir. 1991) (internal quotation marks omitted) (constructive possession of drugs); *see also United States v. Bailey*, 553 F.3d 940, 944 (6th Cir. 2009) (constructive possession of firearms). Tyus's "[p]resence alone" near drugs or guns does not establish constructive possession, *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (en banc) (internal quotation marks omitted); *White*, 932 F.2d at 589, but his presence plus "other incriminating evidence" may "tip the scale in favor of sufficiency," *Arnold*, 486 F.3d at 183. In this vein, a jury generally "is entitled to infer that a person exercises constructive possession over items found in his home." *United States v. Hill*, 142 F.3d 305, 312 (6th Cir. 1998) (internal quotation marks omitted).

Ample evidence pins Tyus as a resident of 25952 Norfolk and by extension links him to the drugs and guns found inside. Before the officers executed the search warrant, they observed Tyus at the house on two prior occasions. When the officers arrived to search the house, Tyus was sleeping on the couch. No other adult showed up at the house during the three-hour search, and Tyus offered no evidence that any other adult lived at the home. The mail scattered throughout the house, which included bills and a court notice, was addressed to no one but Tyus and to nowhere but 25952 Norfolk. Tyus, it is true, was registered with the Michigan Secretary of State as living at 26034

Norfolk, a home down the block. But the jury acted within its bounds in discounting Tyus's registration in light of the many other indicators that Tyus lived at the drug- and gun-filled home.

Tyus discounts the mail's value as evidence of residency, insisting that it did nothing more than prove his "*previous* residence in the home." Tyus Br. 16. That may be a permissible view of the evidence, but it is by no means a mandatory one. The jury's choice to find that Tyus lived at the house at that time and therefore constructively possessed the drugs and guns "was a rational one," and accordingly our "mandate is to affirm." *Arnold*, 486 F.3d at 182.

IV.

For these reasons, we affirm.