**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0208n.06

**No. 09-3535**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 04, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DIVINE KNOWLEDGE, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

---

**Before: MARTIN and SILER, Circuit Judges; BELL, District Judge.**[*]

**PER CURIAM**. Police executed a search warrant for 11817 Lenacrave Ave., Cleveland, Ohio on October 17, 2008. During the search, four firearms were discovered. After indictment for being a felon in possession of a firearm, Divine Knowledge moved to suppress the weapons on Fourth Amendment grounds and requested an evidentiary hearing. The district court denied the hearing because it concluded he did not have standing. Knowledge appeals his subsequent conviction. For the following reasons, we **AFFIRM**.

**I.**

On October 16, 2008, a judge from the Cuyahoga County Court of Common Pleas issued a warrant to search 11817 Lenacrave Ave. and a 2005 GMC Yukon registered to Knowledge. The

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

search was for evidence of identity theft and related crimes. The warrant was supported by an affidavit from Postal Inspector Bryon Green.

The affidavit included information from an August 22, 2008, interview with Gladys Smith, Knowledge's next-door neighbor. Inspector Green interviewed Smith because her previously unused Discover credit card had been activated and used. Smith stated she was in the hospital when the card was activated.  Unbeknownst to Smith, beginning May 26, 2008, and ending June 13, 2008, her credit card was used for purchases in the amount of $6,842.81.  These charges included a vehicle rental from Enterprise secured with Knowledge's credit card but paid for with Smith's card, and a $4,000 phone payment by Knowledge on a 2005 GMC Yukon.

Discover received an internet request on June 8, 2008, to add Knowledge as an authorized user of the card. The mailing address for the account was changed to P.O. Box 27242, Cleveland, OH 44127. Knowledge opened this box on April 6, 2007. The box also received mail in the names of Eiguie Knowledge, Peggy Brown, Scott Paley, Gladys Smith, and Lisa Jay, despite the fact that Knowledge was the only authorized user.

On June 5, 2008, Smith's credit card was used at www.legalzoom.com to purchase a "Last Will and Testament" for John Chuberka. This will was shipped to the Lenacrave address, and divineknowledge360@yahoo.com was listed as the contact email.  The Legal Zoom customer name for this purchase was Chuberka; Knowledge was listed as his 100% heir. Chuberka is a Cleveland resident in his mid-90s. Chuberka's house had been burglarized previously by unknown individuals.  Following the robbery, US Bank sent a letter to Chuberka verifying a change of address to 11817 Lenacrave Ave.

A confidential informant revealed Knowledge was living at 11817 Lenacrave Ave. During surveillance, Inspector Green five times observed the GMC Yukon registered to Knowledge parked there. Knowledge was a mail recipient at the Lenacrave address.

On October 17, 2008, police executed the search of 11817 Lenacrave Ave. Inside the house, police seized four weapons: two handguns, a shotgun, and a rifle. Knowledge moved to suppress the evidence seized at the Lenacrave address. The court, however, dismissed Knowledge's motion without having an evidentiary hearing. It explained,

> I have reviewed the search warrant, I don't see anything wrong with it, but I think that the first step is to prove standing, show standing, before I can even consider it. It has to be the first step in the process . . . . But in order for me to consider a pretrial motion to suppress, I know what the government claims, but he's got to make a claim for an interest in the place searched and the items seized before the Fourth Amendment is implicated.

When Knowledge declined to testify to establish standing, the court overruled his motion to suppress. Knowledge was later convicted of being a felon in possession of a firearm and was sentenced to 188 months' imprisonment.

## II.

"When reviewing a district court's decision on a motion to suppress, we use a mixed standard of review: we review findings of fact for clear error and conclusions of law *de novo.*" *United States v. Davis*, 514 F.3d 596, 607 (6th Cir. 2008). A district court's decision regarding standing to challenge an alleged Fourth Amendment violation is reviewed in the same manner. *United States v. Pollard*, 215 F.3d 643, 646 (6th Cir. 2000).

Knowledge asserts the district court erred in concluding he did not have Fourth Amendment standing to challenge the search of the Lenacrave address. To successfully assert a violation of his Fourth Amendment rights, a defendant must show a subjective expectation of privacy in the place searched that is also reasonable. *Carter*, 525 U.S. at 88; *Pollard,* 215 F.3d at 647. The Supreme Court has recognized an overnight guest's "legitimate expectation of privacy in his host's home." *Minnesota v. Olson*, 495 U.S. 91, 98 (1990); *see also Pollard*, 215 F.3d at 645, 647 (holding an occasional overnight guest who slept on the couch, sometimes ate meals with the family, was allowed to stay in the house when the residents were gone, and who kept belongings in a living room closet had "standing" under the Fourth Amendment).

Knowledge was at the very least an overnight guest at the Lenacrave address. A confidential informant stated that Knowledge lived at the address, and his GMC Yukon was repeatedly observed parked there. Inspector Green himself established Knowledge as an overnight guest when he testified that at 8:00 a.m. on the morning the search warrant was executed Knowledge exited a bedroom in sleep attire. As an overnight guest at the Lenacrave address, Knowledge subjectively expected he would have privacy, and this expectation has been recognized as legitimate. Knowledge, therefore, had standing to assert a breach of his Fourth Amendment rights.

Further, even if the district court did not err in concluding Knowledge lacked "standing," this argument was waived. If the government does not raise "standing" as a defense to a defendant's suppression motion, the defense is lost. *United States v. Washington*, 380 F.3d 236, 240 n.3 (6th Cir. 2004) (citing *United States v. Huggins*, 299 F.3d 1039, 1050 (9th Cir. 2002)). The government did

not raise the issue of standing in its opposition to the defendant's motion to suppress. The defense, therefore, was waived and should not have been considered by the district court *sua sponte*.

Knowledge contends that since it was error to conclude he did not have Fourth Amendment "standing," the district court erred in denying him a suppression hearing. "An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (internal quotation marks and citation omitted). A defendant is not entitled to an evidentiary hearing where his arguments are "entirely legal in nature." *Id.* at 577.

Knowledge moved to suppress the evidence seized at the Lenacrave address because the search warrant was not supported by probable cause and failed to describe with particularity the items that were to be searched for and seized. However, challenges to the existence of probable cause and the overbreadth of a warrant are questions of law. *Abboud*, 438 F.3d at 577. Since Knowledge only raised issues of law, the district court did not err in ruling Knowledge was not entitled to a suppression hearing. The search warrant was based upon adequate probable cause, which is not contested by Knowledge on appeal. *Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998).

**AFFIRMED**.