NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0232n.06

No. 07-6014

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2011
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )
v.                                      )    ON APPEAL FROM THE UNITED
                                        )    STATES DISTRICT COURT FOR
ALBERT SMITH,                           )    THE WESTERN DISTRICT OF
                                        )    TENNESSEE
        Defendant-Appellant.            )
                                        )
                                        )

Before: MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. A jury convicted Albert Smith of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Smith now argues that we should vacate the conviction and remand for a new trial because the district court instructed the jury on theories of constructive and joint possession, which were not supported by the evidence. Smith's argument is not supported by our caselaw, so we affirm.

We review a district court's choice of jury instructions for abuse of discretion. *United States v. Ross*, 502 F.3d 521, 527 (6th Cir. 2007). We may reverse a judgment based on improper jury instructions "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011). In reviewing the instructions, we

consider whether they "adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision." *Id.*

At trial, the district court instructed the jury on actual, joint, and constructive possession. The government's only theory of the case was that Smith *actually* possessed a gun when he was arrested. The government requested jury instructions on constructive and joint possession, however, because Smith's attorney suggested throughout trial that the gun in question was discovered at Smith's friend's house after the arrest occurred. The district court ultimately instructed the jury, per Sixth Circuit Pattern Jury Instruction 2.10, that constructive possession means "that the defendant had the right to exercise physical control over the firearm and knew that he had that right, and that he intended to exercise physical control of the firearm at some time, either directly or through other persons." With respect to joint possession, the court instructed the jury that "two or more people can together share actual or constructive possession of property."

The court erred in giving these instructions. This court has stated that boilerplate instructions "should not be used without careful consideration being given to their applicability to the facts and theories of the specific case being tried." *United States v. Wolak*, 923 F.2d 1193, 1198 (6th Cir. 1991). Here, the government relied on an actual-possession theory and presented evidence that Smith had the gun in his back pocket when police arrested him. None of the other facts at trial supported the additional theories of possession. Smith testified that he had no gun in his pocket, that police did not find a gun during the arrest, and that he believed the police returned to the house after the arrest. But, even if we believe Smith, the testimony does not support constructive or joint possession—it merely raises questions as to where and how officers found the gun. Smith's attorney

emphasized, during cross-examination of the government's witnesses, that several other men lived in the house where Smith was arrested and that Smith's fingerprints were not found on the gun. The attorney implied that arresting officers re-entered the house and found a gun—belonging to someone else—after arresting Smith. This might support a finding that the gun did not belong to Smith and was not in Smith's possession. But it does not show that Smith had a "right to exercise physical control" over a gun found in the house, "knew he had that right," or "intended to exercise physical control" over the gun, as required for constructive possession. Nor does it show that Smith jointly possessed the gun with others.

In addition, commentary for Instruction 2.10—which covers actual and constructive possession—states that it is error to give that instruction if the government only presents a theory of actual possession. Similarly, the note and commentary for Instruction 2.10A, covering actual possession, state that Instruction 2.10A should be given if the government's sole theory of possession is actual because, in such cases, "there is no reason for the additional complexity injected by defining constructive possession." Here, the government exclusively relied on an actual-possession theory, so it was error for the district court to give Instruction 2.10.

The error, however, was harmless. When there is adequate evidence supporting one jury instruction and inadequate evidence supporting another, and the only claimed error is the lack of evidence to support the second theory, we have held that the error is "harmless as a matter of law." *United States v. Mari*, 47 F.3d 782, 786 (6th Cir. 1995) (citing *Griffin v. United States*, 502 U.S. 46 (1991)). This is because, as the Supreme Court explained in *Griffin v. United States*, courts assume that jurors can analyze the evidence and discard factually inadequate theories. *See* 502 U.S. at 59;

*Mari*, 47 F.3d at 786 ("[O]n these occasions, the jury will . . . consider the [inadequate] theory, and then dismiss it for what it is—mere surplusage . . . insufficient to support the conviction"). Here, the government only argued actual possession, and ample evidence supported that theory, so there is no reason to think the jury based its conviction on the unsupported theories. *See United States v. Hughes*, 134 F. App'x 72, 77 (6th Cir. 2005) (holding that it was harmless error for the district court to give an unsupported constructive-possession instruction along with an adequately supported actual-possession instruction).

Smith relies on a pre-*Griffin* case, *United States v. James*, 819 F.2d 674 (6th Cir. 1987), to argue that the unsupported instructions affected his verdict and thus were not harmless. His case is distinguishable from *James*, however, so the argument is unavailing.

In *James*, we found that an unsupported constructive-possession instruction prejudiced the defendant. 819 F.2d at 677. In that case, the district court instructed the jury on actual possession and the jury deliberated for several hours. *Id.* at 676. The jury then asked whether a person must physically hold a gun to possess it. *Id.* At that point, the judge gave a constructive-possession instruction and the jury convicted the defendant minutes later. *Id.* at 676. We held that the defendant was prejudiced by the instruction, primarily because the circumstances—the jury's question and the quick conviction following the incorrect instruction—showed that the jury probably relied on a theory of constructive possession. *Id.*

Here, the record does not show that the jury was confused or that it convicted Smith on a theory of constructive or joint possession. The government presented a clear actual-possession argument. The jury arrived at its verdict in less than two hours without asking questions or

expressing any uncertainty. And the defendant's testimony did not make constructive or joint possession particularly tempting (as opposed to the *James* defendant's testimony that police found a gun under his mattress, a situation that could easily involve constructive possession).

Smith argues that, as in *James*, the circumstances of his trial show that he experienced actual prejudice. First, he says that the jury in this case could have believed his plausible testimony that police never found a gun on him. But the rationale of *James* was mostly based on the jury's question to the court and fast conviction, not James's testimony. In any case, Smith's version of the story is not very plausible, and is contradicted by the testimony of everyone else present during the arrest—two officers and Smith's friend. Second, Smith says the erroneous instructions caused his conviction because there was a hung jury in an earlier trial on this same gun-possession charge. But the prior hung jury has no bearing on whether the instruction in *this* trial affected *this* jury's verdict. Third, Smith says his attorney's arguments at trial confused the jury because they could be misread as constructive-possession arguments. The record does not support this; the defense merely argued that the gun did not come from Smith, and suggested that it may have belonged to someone else in the house.

In sum, the constructive- and joint-possession instructions were harmless errors under *Mari* and *Griffin*. *James* is distinguishable from this case: unlike in *James*, the record here does not suggest that the jury convicted Smith on the basis of the erroneous instructions, or that the jury would not have convicted him absent those instructions. We affirm.